## JOHN M. LIGGETT v. T. J. WEED, et al.

1. BILL OF EXCHANGE—*Notice of Non-payment—Excuse.* When the drawee of a bill of exchange refuses to pay the same at maturity, it is necessary that notice of such non-payment be given to the drawer, or that some showing be made that will excuse such notice. Otherwise the drawer will be released from all liability on such bill of exchange.

2. ——— *Conditional Acceptance—Liability.* The drawee of a bill of exchange can only be made liable within the terms of his acceptance thereof; and where the acceptance is conditional, he is not liable until the condition is fulfilled.

### *Error from Leavenworth District Court.*

THE ACTION below was commenced by *Liggett,* Walsmith, and others, as plaintiffs, upon a draft or bill of exchange drawn by defendant *Weed* on defendants *Scott, Kerr & Co.,* Sept. 1, 1864, for $3,916, payable to S. Saunders. Saunders assigned said draft to the plaintiffs, each of whom claimed a separate and distinct interest therein. *Liggett's* interest was $500., Said draft was not presented to Scott,

Kerr & Co. for acceptance or payment until after the same became due, and when so presented after maturity was not accepted nor paid, either in whole or in part. No notice of such non-acceptance or non-payment was given said defendant *Weed*. Afterward, in February, 1865, Scott, Kerr & Co. executed a *conditional* acceptance of said draft. The case was tried by the court, without a jury, and the findings and judgment were in favor of the defendants. *Liggett* alone brings the case here for review. The case arose out of the same transactions as that of *Carson v. Kerr*, ante, p. 268, where the facts are pretty fully stated in the opinion of the court, pp. 271, 272.

*Thacher & Banks*, for plaintiff in error:

1. The action below was by several plaintiffs, each having a several interest in the fund. It partakes of the nature of a suit in equity for the recovery and appropriation of moneys received by defendants to plaintiffs' use.

2. Scott, Kerr & Co. had a right to make such an acceptance as they thought fit. It may be contended that the acceptance was conditional, depending on the revocation of the suspension of the vouchers for payment. Whether it was a conditional acceptance is a question of law and reviewable. 1 Pars. Notes, 301; 5 Duer, 583.

Suspension of the vouchers means, in common acceptation, suspension of payment. Revocation of the suspension means, merely annulling the *delay* in payment, or, in other words, *payment*.

It cannot be inferred that the condition of the acceptance depends upon a payment of the vouchers *in full* before any liability devolves upon the acceptors. Scott, Kerr & Co., before the commencement of this suit, received all the moneys called for by the vouchers except about $5,000. The payment of $23,000 to $24,000 of

the vouchers *would*, viewing the case strictly in the light of the commercial law, make Scott, Kerr & Co. liable *pro rata.* 1 Pars. on Bills, 303, note *p.*; *Perry v. Harrington*, 2 Met., (Mass.,) 368.

3. The record must be viewed as a reviewing court looks at the record of a chancery case. The evidence should be *weighed*, and the findings of fact tested by its *preponderance* as in a trial court. Civil Code, §§ 542, 559; 1 Vans. Eq. Pr., 673–4, 698. The whole case is open to the reviewing court as fully as it was before the court below: 3 Johns. Ch., 587; 2 Dan'ls Ch. Pr., 1562, 1564, notes 3 and 4; 2 Iowa, 20; 8 Wis., 1; 4 Paige, 579; ·6 Johns. Ch., 555; 6 Paige, 233; 1 Irish Eq., 472; 3 Story C. C., 299; 2 B. Monroe, 231; 2 Head, 289; 5 Wheat., 424.

Should this view of the case be taken, the court can have no difficulty in finding the facts to be much stronger, and the equities much greater, in favor of the plaintiff, notwithstanding Weed's testimony that he had no authority from Scott, Kerr & Co. to draw, and that Scott swears that Scott, Kerr & Co. held the vouchers as security for the money advanced to Weed, both improbable statements.

*Clough & Wheat*, for defendants in error:

1. The plaintiffs below prosecuted their suit against Weed, the drawer, and Scott, Kerr & Co., the drawees of the bill. The evidence failed to show any cause of action against Weed. It is not pretended that demand of payment and notice of non-payment was made and given as required by §§ 5, 6, ch. 19, Comp. Laws 1862, p. 113. (§§ 6, 7, ch. 14, Gen. Stat., 1868, p. 115.)

2. And Scott, Kerr & Co. are not liable. By a conditional acceptance, *acceptors* are only bound according to

the conditions of the acceptance, which must be declared on, and performance averred, (and proven, of course.) Chitty on Bills, 300, 303, and notes; 3 Cush., 376; 3 Comst., 251; 15 Ill., 325; 1 Pars. on Notes, 300 to 305; 1 Smith's L. Cases, 628; 27 Barb., 181.

3. If holder takes a conditional acceptance, he cannot resort to the drawer, except upon a failure of the acceptors to pay according to the conditional acceptance. Edw. on Notes, 429, 430. *Campbell v. Pettingill,* 7 Greenl., 126; Story on Bills, § 272, note 1; *Parker v. Gordon,* 7 East, 387. And due notice of such failure to pay would have to be given to the drawer to hold him as such. Comp. Laws, 113, § 6; 7 Wis., 167.

An indorsement waiving notice, does not excuse demand for payment, and notice of non-payment. 22 Vt., 561; 11 Wend., 629; 6 Mass., 524; 1 Pars. on Notes, 580, and note.

As Scott, Kerr & Co. only, if they contracted at all, guarantied that the drafts would be paid at their office, whenever the suspension of the vouchers is revoked by the Quartermaster General of the United States, it is incumbent on the plaintiff to show *such suspension* to have been so revoked by the Quartermaster General before he can recover thereon. The claim against a surety or guarantor is *strictissimi juris. Dobbin v. Bradley,* 17 Wend., 422; *Walroth v. Thompson,* 6 Hill, 540; 22 Indiana, 392; 9 Wheaton, 680.

There is a general denial of all the allegations of the petition, and the court below found that the suspension had not been revoked by the Quartermaster General or any other competent authority. This finding disposes of the whole case as to all of the defendants. It was for the plaintiffs below to have shown it was revoked. They

failed to do so, and such non-revocation required a decision in favor of the defendants.

4. Unless this court has jurisdiction of the subject-matter of this action in error, it cannot reverse any of the proceedings of the court below. We claim it has not acquired jurisdiction thereof. The petition in error was filed by only one of the several plaintiffs in the court below, although all of them were actors in that court to the close of the proceedings; and those of said plaintiff who have not joined herein as plaintiffs, are not made defendants under §§ 42, 43, civil code of 1859, or §§ 36, 37, civil code of 1868. See 13 Ohio St., 568; 14 Ohio St., 287 to 292.

The opinion of the court was delivered by

VALENTINE, J.: Many of the facts in this case are the same as the facts in the case of *Carson v. Kerr*, just decided, (ante p. 268.) Both cases have grown out of Carson's contract to furnish hay to the government. Up to the settlement between Carson, Weed, and Saunders, mentioned in said case, the facts of the two cases are identical. At that settlement, as has been stated in the other case, Weed took the vouchers, and drew bills of exchange, commonly called drafts, on Scott, Kerr & Co., in favor of Carson and Saunders, for the amounts found to be due to them respectively. This action is on the draft drawn in favor of Saunders. It reads as follows

"LEAVENWORTH CITY, Dec. 1st, 1864.

"SIXTY DAYS after date (acceptance waived) pay to S. Saunders, or order, three thousand nine hundred and sixteen dollars, value received, and charge to account of                                    T. J. WEED.

"To Scott, Kerr & Co."

This draft was assigned by Saunders, after due, to

John M. Liggett and others. Liggett's interest in the draft is $500. The draft has not been paid. It was never accepted by Scott, Kerr & Co., except by a conditional acceptance, and that condition has never been fulfilled. No notice of non-acceptance, or of the conditional acceptance, or of non-payment was given to Weed. Upon these facts is Weed, or Scott, Kerr & Co., liable to J. M. Liggett on the draft? We think not.

*First.* Notice of nonpayment should have been given to Weed. No excuse for not giving said notice has been shown. Weed had a right to expect that said draft would be paid at maturity. He had drawn at different times before that time on Scott, Kerr & Co., to the amount of $13,300, and all his drafts had been honored without exception, although as he testifies, he had no special right or special authority to so draw. But when he drew this draft, he had a right to draw, and a right to expect that it would be paid at maturity. The evidence seems to show that the draft was drawn with the consent of John Kerr, a member of the firm of Scott, Kerr & Co.; and Carson testifies that it was drawn by the direction of John Kerr. There is nothing in the evidence that tends to show that Weed did not have authority to draw this draft and to draw all other drafts that he drew on that day. Weed's testimony certainly does not show that he had no such authority. His testimony referred to by plaintiff's counsel, refers to drafts previously drawn by him on Scott, Kerr & Co. It is true, that the evidence seems to show that at the time Weed drew this draft he was owing Scott, Kerr & Co. the said sum of $13,-300; and it is also true that the evidence seems to show that at the time he drew this draft, he drew other drafts on Scott, Kerr & Co. amounting in the aggregate, including this draft, to the sum of $9,000, making a total of $22,300;

yet the evidence clearly shows that at the same time he deposited with Scott, Kerr & Co. government vouchers to the amount of $28,896; and all parties seem to have supposed that these vouchers would soon be paid. If it should be admitted or held that Weed waived notice of non-acceptance, still it must be held that he was entitled to notice of nonpayment, and such notice not having been given, he was released from all liability.

*Second,* Scott, Kerr & Co. can only be made liable within the terms of their acceptance. They did not agree to pay a dollar on the drafts until the terms of their acceptance should be fully complied with. And as said terms have not yet been complied with, they are not liable. The plaintiff's claim is $500, and the most that he can claim is, that after Scott, Kerr & Co. shall have collected all of said vouchers except the sum of $500, and appropriated the same to other purposes, that they shall then appropriate the other and last $500 to the payment of his claim as they collect the same.

There are other objections probably fatal to the plaintiff's claim, which we do not think it is necessary to discuss.

The judgment of the court below is affirmed.

KINGMAN, C. J., concurring.

BREWER, J., not sitting in the case.