MATILDA WADE, ET AL., APPELLANTS, VS. MICHAEL J. DOYLE, APPELLEE.

1. Under the law of this State permitting a party to plead and demur to the same pleading at the same time, it is proper to allow a demurrer to be filed on a day subsequent to the filing of a plea in bar, it being the intent of the law to allow issues of law and of fact to exist at the same time.

2. Lands are described in a declaration in ejectment thus : "Lots one and two of range thirty-one, east, township nineteen, south, and fractional section thirty," and on demurrer that the description was so vague that the lots could not be identified ; it is held that the language imports that lots one and two are parts of the range, township and section named, and the description is sufficiently intelligible and definite.

Appeal from the Circuit Court for Orange county.
The facts of the case are stated in the opinion.

*E. K. Foster* and *Hopkins & Walker* for Appellants.

*Fleming & Daniel* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court.

This was an action of ejectment commenced in September, 1878, at which time a declaration was filed, and after plea filed thereto an amended declaration was filed, to which defendant on July 24, 1879, filed a plea of not guilty, and plaintiffs filed their replication thereto. After

sundry proceedings an irregular verdict and judgment were rendered against plaintiffs, which upon appeal were reversed in this court and the cause remanded for further proceedings in May, 1880. In August, 1881, defendant asked and obtained leave to file a demurrer to the declaration, the plaintiff objecting thereto.

The declaration was in the common form, and described the premises sued for as a parcel of land lying in Orange county known and described as follows: "Lots one and two of range thirty-one, east, township nineteen, south, and fractional section thirty."

The grounds of the demurrer were that the declaration was uncertain, and the description of the premises is so vague that the land cannot be located, and that the sheriff could not deliver possession in case of judgment for plaintiffs.

The plaintiffs objected to the filing of the demurrer, but the objection was overruled, and they then joined in demurrer, and the same having been brought to a hearing the demurrer was sustained and the declaration adjudged to be not sufficient in law, with leave to the plaintiffs to amend, which they declined to do, thereupon judgment was given by the court against the plaintiffs, and they appealed.

The errors assigned are that the court allowed the demurrer to be filed, the plea of not guilty remaining of record; and that the court sustained the demurrer and gave judgment thereon against the plaintiffs.

The statute allows parties to plead and demur to the same pleading at the same time upon an affidavit by the party, if required by the Judge, to the effect that he is advised and believes that he has just ground to traverse the pleading, and that the several matters sought to be pleaded by way of confession and avoidance are true; and that he is further advised that the objections raised by demurrer

are good and valid objections in law, and it shall be in the discretion of the court to direct which issue shall be first disposed of. Sec. 34, Ch. 1093, Act of Feb. 8, 1861.

The question first raised is whether a party may both plead and demur to the same pleading unless the pleading and demurrer shall be offered and filed *at the same time.* The former rule was that a demurrer could not be filed after pleading, except upon withdrawing the former pleading by the party seeking to demur. The statute, however, allows both plea and demurrer. In view of the obvious intent of the statute to change the old rule, it can scarcely be of consequence that the pleading and the demurrer be filed on the same or on different days. The Judge may require the affidavit of merits and of good faith to be made and filed on the offering of the demurrer after the pleading is filed, as well as when both are offered at the same moment. It is in his discretion to require such affidavit or not to require it, and also to determine whether the issue of law or the issue of fact shall be first disposed of. The meaning of the statute undoubtedly was to authorize an issue of law and an issue of fact to stand at the same time, to be disposed of in such order as would promote the ends of justice; and we cannot conceive it to be material that the pleading and demurrer shall be on one piece of paper, or two pieces, or that one of them was handed to the clerk before the other. If it was material that both should be filed at the same time, it would only be necessary for the pleader to withdraw the pleading and file it again with his demurrer.

The ruling of the court upon the demurrer to the declaration presents the only material question. The description of the property is alleged to be so vague that it cannot be located and identified. The only question here is one of the construction of the words used in the attempted de-

scription. It is the duty of courts to give effect to words employed according to their obvious meaning and intent. The words here used are "lots one and two, of range thirty-one east, township nineteen south, and fractional section thirty."

According to the construction contended for by the demurrant the words mean nothing at all, and describe nothing that can be identified; that "lots one and two, of R. 31 E., T. 19 S.," is vague because it does not show in what section or part of the township the land is located; and that "and section thirty" refers to another parcel of land, but does not locate it in any township and range. We think, however, that the word "of" plainly means *portion* or *part of* the township, &c., and that in this sense it is obviously used here. There is also a rule of the grammatical construction of the language, to-wit: that when we desire to name several things, as a horse, a tree and a house, we mean a horse *and* a tree *and* a house. Now, by the application of this simple law of language, we read the description of the lands thus: "Lots one and two, parts of range thirty-one east, *and* township nineteen south, *and* fractional section thirty." Reading it thus, if the same words were used in a contract, we could not avoid the conclusion that the lots one and two were parts of range thirty-one east, township nineteen south, and of section thirty in that township. While the language of the declaration in describing the land is rather awkward, yet it is sufficiently intelligible, and we think that if the defendant held a conveyance from the plaintiffs which used the same words of description, he would hold lots one and two, of section thirty, in spite of them. And while we cannot commend the economy of the plaintiffs in declining the suggestion of the court that they should relieve their pleading of its awkwardness by a very simple amendment, yet as they have preferred to submit a

question of syntax to this court, we have found it our duty to decide it according to the grammar and the dictionary, as we understand those highly valued authorities.

The judgment is reversed, and the cause remanded with directions to render judgment overruling the demurrer, and for such further proceedings as may be had according to the law and practice.