ELLISON S. KEITT, PLAINTIFF IN ERROR, VS. EDWIN SPENCER, DEFENDANT IN ERROR.

1. When a party at the trial of a cause, and before the jury has retired to consider of their verdict, presents to the Judge written instructions upon points of law which he desires should be given to the jury, and the questions of law are pertinent to the issue and arise out of the evidence given, it is the duty of the Judge to consider the instructions, and to give his ruling thereon in writing to the jury, and the neglect or refusal to consider or give his ruling thereon as required by law, duly excepted to, is error.

2. While there is no bill of exceptions bringing up the testimony given on the trial yet, if it appears by the charge of the Judge in the record that certain evidence was before the court, it may appear therefrom that instructions to the jury prayed by a party upon points of law were pertinent to the issue and to the evidence, and that the party was entitled to the ruling of the court upon the questions presented.

3. In such case this court will not consider whether the instructions should have been given to the jury as prayed, but only whether the instructions being pertinent, the party has been denied a right secured by the statute.

Writ of Error to the Circuit Court for Marion county. The facts of the case are stated in the opinion.

*John G. Reardon, Fleming & Daniel*, for Plaintiff in Error.

*Hugh E. Miller, Gary & Dunn*, and *S. D. McConnell*, for Defendant in Error.

THE CHIEF-JUSTICE delivered the opinion of the court:

This was an action of ejectment brought by plaintiff in error to recover 640 acres of land in Marion county. Plea, not guilty. Verdict and judgment for defendant, and plaintiff brings a writ of error.

There is no bill of exceptions bringing up the testimony

or written evidence on the trial.    We have only the plead-
ings, the charge of the Judge to the jury, and certain writ-
ten instructions for the jury tendered to the Judge by plain-
tiff's attorney, which the Judge declined to consider, and
an exception to this action of the Judge, which exception
is noted and signed by him.

The only questions presented are, whether the instruc-
tions prayed by the plaintiff on points of law were perti-
nent to the issue presented by the pleadings and the evi-
dence in the case, and whether the Judge erred in declining
to give his ruling thereon.

The statute (Ch. 2096, Laws of 1877 ; McC. Dig., 338,
§34,) provides that " if either of the parties or their attor-
neys present to the Judge instructions in writing on the
point or points of law or exceptions taken arising on the
trial, it shall be the duty of the Judge to declare in writ-
ing to the jury his ruling thereupon as presented, and pro-
nounce the same to the jury as given or refused."

We cannot ascertain by the evidence before the court and
jury whether any of the instructions prayed by plaintiff
related to " points of law arising on the trial," because the
testimony is not here.    The Judge has, however, in his
charge to the jury, which is of record, stated the issues of
fact and law as they appeared.    From that we find that
plaintiff claims by a deed from the sheriff of Marion
county covering the land in dispute ; that the lands were
sold by virtue of a decree rendered in a foreclosure pro-
ceeding wherein Ellison Keitt was plaintiff and Jacob
Eichelberger was defendant.    The Judge then says that the
" defendant sets up that he has the possession of this land
by virtue of a deed when these lands were sold for the pay-
ment of taxes."    He says further : " The law declares that
tax deeds are *prima facie* evidence of the compliance upon
the part of all the officers connected with the sale, but if

the party claiming the lands outside of the tax deed can show that there was an improper assessment or that there were gross errors in the advertisements, either of these defects if you should find them from the proof offered to exist, it vitiates the tax deed." He submits to the jury the questions whether the lands belonged to Eichelberger when sold under the decree, and whether the plaintiff's title was good and sufficient to entitle him to recover if the tax deed was void.

It plainly appears from this charge that there was evidence of title to the property before the jury on the part of the plaintiff, and that there was a tax deed in evidence on the part of the defendant, and also that there was "proof offered" by plaintiff for the purpose of showing defects in the proceedings of the officers of the county which might affect the validity of the tax deed. The defendant's counsel also proposed written instructions on the subject of the evidence of plaintiff's title, and in reference to his tax deed.

The plaintiff's counsel presented to the Judge, while the jury was at the bar, a paper containing a request that the court charge the jury upon points of law in reference to the validity of the tax deed and the effect of evidence of certain errors, omissions and irregularities in the assessment and sale of property for taxes. The Judge instead of declaring in writing his ruling thereon, or giving the instructions to the jury as prayed, made the following memorandum at the foot of the paper: " These charges handed in at the end of the case and term and written in pencil in a great measure crossed and interlined, the plaintiff's counsel was not allowed to read them to the jury. 28 Oct., '81." (Signed by the Judge.)

Exceptions were noted to this proceeding and attested by the Judge's signature at the bottom of the memorandum.

The plaintiff was entitled under the statute to the bene-

fit of the ruling of the court upon the several questions of law arising out of the evidence in the case. Reading the instructions, we find that most if not all of them relate to the subject matter of the suit and to evidence which the Judge in his charge shows was before the court. The charge of the Judge did not cover the matter of the instructions prayed. The effect of the action of the Judge was a refusal to consider and to give his ruling upon the various questions embraced in the paper and thus the plaintiff was deprived of the benefit of the instructions or of exceptions to the ruling. This is clearly a denial of a right which the law gives to parties, and the plaintiff having excepted to the action of the court is entitled to the benefit of his exception to such action.

The memorandum of the Judge states that the paper was " handed in at the end of the case and term, and written in pencil in a great measure crossed and interlined," &c. The original paper has been brought up by our order for inspection. While we find that a portion of it is written with a pencil and there are some interlineations, and some parts crossed out, there is little difficulty in reading it. The Judge does not state that he could not read it, and the memorandum shows that the jury was present when the instructions were handed to him.

It is proper to say, what is well known to the people of the Circuit, that the Judge at the time of this trial was suffering with a disease which impaired his mental faculties and of which he has since died. No censure can, therefore, be implied from what we have said of his action. The late Judge of the Fifth Circuit in the fullness of his health and strength was ever mindful of all his duties enjoined by the law.

In deciding the questions presented here we do not determine whether the several instructions prayed by the plain-

tiff were proper to be given to the jury. We decide only that the party complaining had a right to be heard and to demand the ruling of the court upon questions of law pertinent to the case before the court and jury upon which the court had not fully charged.

The judgment is reversed and a new trial awarded.