SILAS B. CARTER, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The rule is well settled that an exception to the charge of the court to the jury must be taken to the identical portion or paragraph of such charge as is alleged to be error; and that an exception to the entire charge is not sufficient if a single proposition therein is good. 17 Fla., 643, and cases cited.

2. Under chapter 3431, Laws 1883, the party may, after verdict rendered, "embody in a motion for new trial any portion of the charge of the Judge which may be deemed erroneous," but he must embody in such motion only such portion of the charge as is alleged to be erroneous. That statute does not change the rule. It only gives to the party an opportunity to except *after verdict rendered.*

3. All the evidence used in the proceedings in the court below, and upon the motions subsequent to the verdict, should be embodied in and made a part of a bill of exceptions in order to enable this court to review them.

Writ of Error to the Circuit Court for Orange county.

Chapter 3431, Laws of Florida, is as follows:

SECTION 1. That in all civil cases in the Circuit Courts of this State, either party, plaintiff or defendant, may at any time after the jury retires, and before verdict rendered, except to any portion of the charge delivered by the Judge, and the said Judge before whom such cause is being tried may, if he deem such exception well taken, recall the jury and make any alteration or addition of or to such charge as may be deemed necessary and proper.

SEC. 2. It shall be lawful for either party in any civil cause, or for the defendant in any criminal cause, in said courts, after verdict rendered, to embody in a motion for a new trial any portion of the charge of the Judge which may be deemed erroneous, which shall be taken as an exception to said charge, and if such motion for a new trial, upon the hearing, shall be refused, such refusal, together with the subject-matter of the charge contained in such motion, may be made the subject of review by the Supreme Court.

The other facts are stated in the opinion.

*W. R. Anno* and *John W. Price* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the Court.

In the month of August, 1882, Silas B. Carter was indicted for the murder, in the county of Orange, of one

John W. Griffin. In May, 1883, the defendant having plead not guilty, was tried and found guilty of murder in the first degree. A motion for a new trial was made by defendant's attorneys, who assigned the following reasons :

1st. That the verdict was contrary to the evidence.

2d. That the verdict was contrary to the charge of the court.

3d. That the jury erred in their conclusion drawn from the evidence.

4th. That the evidence is not sufficient to authorize the verdict rendered.

5th. That the jury was misled by the charge of the court.

6th. That the court erred in the charge to the jury.

7th. That the court erred in giving special instructions prepared by the State's Attorney.

8th. That one of the Jurors, viz : one J. M. Moorman, was not a legal juror. He said this on the *voir. dire*, that he had neither formed nor expressed an opinion as to the guilt or innocence of the accused, and he said, after having been sworn, that he was not a competent juror, and that the attorneys did not understand him ; that previous to his being called to serve as a juror he said publicly in consultation with Andrew Wise and others, in speaking of the mistrial of the jurors at the first hearing of the said cause, that Silas B. Carter ought to have been hung, and that if he had been on the jury he would have hung him, and for other causes and reasons apparent on the face of the record.

9th. For discovery of new evidence which was not known to the defendant or his counsel previous to the trial, which evidence is material to the defendant in his defence.

10th. Also upon the ground of the misconduct of one of

the jurors during the trial of the cause as shown by affidavit.

The motion for a new trial was then overruled by the court, and the defendant's counsel excepted to such judgment of the court. Afterwards, on the 11th day of July, the court pronounced the sentence according to law. The court then allowed a writ of error to this court, also ninety days in which to propose their bill of exceptions. Subsequently, on motion of plaintiff in error, the time for proposing a bill of exceptions was extended to the tenth day of November, 1883.

The errors assigned are as follows:

"First. The court erred in and by the special instructions requested by the State's Attorney."

"Second. That the court erred in and by refusing to grant the motion for, and give a new trial to the said Silas B. Carter."

"Third. That the court erred in many other rulings and decisions as shown and appears from the records of said trial and conviction."

This defendant was sentenced to death on the eleventh day of July, 1883, and notwithstanding the time to propose a bill of exceptions was extended to the tenth day of November of that year, no bill of exceptions embodying the testimony or any of it is in the record, and this court is unable to tell what evidence was before the jury; consequently the first, second, third, fourth and fifth grounds urged before the court on the motion for a new trial cannot here be considered. We cannot tell how applicable the charge was to the evidence adduced on the trial. The presumptions are all in favor of the court below.

The sixth ground urged for a new trial that the court erred in its charge to the jury cannot be sustained. The charge as appears in the record is full in every particular,

embodying some eight or more propositions, most of them in accordance with the statute, and could not have misled the jury. The statute is cited, and the very language of the law is used in defining murder in the first, second, third and fourth degree, which we must presume applied to the evidence. Aside from the fact as above stated that many of the propositions of law as charged were correct, no exception was taken by the counsel for the defendant to any one single proposition so charged, nor even to the entire charge. The rule, however, is that the exception must be taken to the identical portion of the charge which is assigned as error, and that an exception to the entire charge is not sufficient if a single proposition therein is good. Burroughs vs. State, 17 Fla., 643, and cases cited.

The seventh ground for new trial, viz: That the court erred in giving the special instructions which were proposed by the State's Attorney, cannot be sustained. Those special instructions thus asked for and granted, were as follows:

"First. That the verdict must be made up from the evidence as given by the witnesses, and from the law as given by the court, and not from any statement of counsel."

"Second. That an assault and battery on another does not warrant the jury to infer that the party assaulted was in danger of his life, unless it is shown from the evidence that the party assaulted was in such danger, and that he believed that he was in such danger, and that this must appear from the evidence."

"Third. That if the defendant had been assaulted by the deceased in the heat of blood, he, defendant, would have been guilty of manslaughter. But that if the jury believed from the testimony, that the parties separated after the assault, and that forty-eight or fifty hours after, the

defendant took a weapon, sought out the deceased and killed him, this is murder."

" Fourth. That if the jury believe from the testimony that forty-eight or fifty hours elapsed between the assault and the killing, that this was time enough for the blood to cool, and if accused then killed defendant, he was guilty of murder, but that the jury must determine if such time did elapse between the assault and the killing."

"Fifth. That for the jury to believe that the accused acted in self-defence, the fact must appear from the testimony and be properly deducible from the evidence as given by the witnesses. That to constitute self-defence, the fatal blow must have been struck while the deceased was menacing the life or person of the accused."

" Sixth. That when it is in the power of a defendant to account for his conduct or to show his whereabouts at a particular time, his failure to do so is strong presumption against him."

The record says : " Counsel for the defendant excepted to the above special instructions." ` Which note was signed and sealed by the Circuit Judge.

There is no exception taken to either one of the six above named special instructions, but a single exception to the whole. This, we have frequently had occasion to say, is not sufficient. The counsel excepting must put his finger upon the paragraph he considers error, and to that take his exception. Taking it to the whole charge as given by the Judge, is fatal if either one of the propositions therein contained is in accordance with the law. He cannot sit quietly through the charge to the jury, and then, at its conclusion, say : " I except to the charge of the court." The error must be pointed out. The Judge must then and there be advised of what is excepted to, and what is alleged to be error, in order, if possible, that such error may then and there be

corrected. In the special instructions asked for by the State's Attorney, and given by the court, certainly some of them are clearly right, and were properly given. As to the others, we do not now express an opinion, as the evidence and facts of the case are not before us, and as no exceptions were taken to them particularly we are not called upon to decide them. In the motion for new trial the defendant's counsel has not, under the provisions of chapter 3431, Laws 1883, pointed out or embodied "any portion of the charge of the Judge which may be deemed erroneous," but has simply excepted to the "special instructions proposed by the State's Attorney."

The eighth and tenth assigned errors relate to the jurors who tried the cause. It is said Moorman was not a legal juror for the reasons assigned in the eighth reason urged on the motion for a new trial. Upon this question several affidavits were introduced and passed upon by the court. One Andrew Wise deposed that " he heard Jordan M. Moorman, one of the jurors chosen upon the second trial of said cause, in conversation, speaking of the verdict of the first jury, say that Silas D. Carter ought to have been hung, and that if he had been on the jury he (Moorman) would have hanged him himself." Silas B. Carter, the defendant, swears " that he did not know at the time that J. M. Moorman and R. R. Sessions were accepted as jurors in the case State vs. Carter ; that they had at any time previous thereto said that if they were on the jury they would hang Carter, or the words said to have been used by them in affidavit of Andrew Wise and C. E. Swan, or that they had any opinion in regard to said cause, or had expressed the same in any manner whatever." The four attorneys defending Silas B. Carter swear that they did not know at the time that J. M. Moorman and R. R. Sessions were accepted as jurors, that they had at any time previous thereto said that

if they were on the jury they would hang Carter, or the words said to be used by them in the affidavits of Wise and Swan, or that they had any opinion in regard to said cause, or had expressed the same in any manner whatever.

In answer to these affidavits, J. M. Moorman, the juror, testifies: " That he may have expressed such opinion," (as contained in the affidavit of Wise, the affidavit of Swan not relating to him but to R. R. Sessions,) " but that if he did it was based upon hearing about the case, and not from hearing any of the testimony or conversing with any of the witnesses in regard to it." " He further says that when examined on his *voir dire* he stated that he had formed and expressed an opinion in regard to the guilt or innocence of the prisoner, Silas B. Carter, but also states that that opinion was formed from rumor." " That after he had been tendered by the State and accepted by the defence and sworn in chief, he arose in open court to explain his position, and upon hearing that explanation both counsel for the State and the defendant stated that they understood him and accepted him. That when he went upon the jury he felt that he could give to the prisoner a fair and impartial trial according to the evidence. That his verdict was made up solely from the testimony disclosed upon the stand and not from any opinion previously made, formed or expressed by him. That he had no bias or prejudice for or against the prisoner, neither has he now."

Similar affidavits were filed in the case of the other juror, R. R. Sessions, to whom the affidavit of Swan referred.

The record in this case shows that the entire list of jurors selected by the Board of County Commissioners for that year was exhausted in procuring this jury, and that the court directed the sheriff to summon from the county at large and the bystanders thirty-five more persons to ′

serve as jurors, making in all three hundred and thirty-five. That from this number the jury was taken, and that all who were accepted were sworn and examined as to their fitness to act as jurors, and were accepted by the defendant before being sworn in chief as such jurors. The court below passed upon the fitness of the jury, and passed upon the question raised by the affidavits on file on this motion for new trial. From personal observation he knew the facts as they existed at the time and he has passed upon the question raised. The jurors, from the facts, as shown in their affidavits, were competent and the presumption is strongly in favor of the ruling of the court below.

As to the ninth assigned error, there is no evidence anywhere of the discovery of new evidence, or of any application for its admittance.

The judgment of the court below is affirmed.