# SUPREME COURT OF FLORIDA.

## JUNE TERM, A. D. 1886.

22   335
31    44
22   335
39   599

22   335
j52    81
52   347

22   335
f58   375

REBECCA L. MYRICK, APPELLANT, VS. ALEXANDER MER-
RITT, APPELLEE.

1. A demurrer to a plea reaches any substantial defect in the decla-
ration, or the count thereof to which the plea has been tendered,
but not a defect of mere form.

2. The appellant, upon whom an order was drawn in favor of the ap-
pellee by H. & J., for five hundred and seventy dollars "balance
due on the house we are now building for you," accepted it as
follows : "I accept the above when the house is finished accord-
ing to contract and delivered. To pay said sum by the first of
January, 1885, interest to commence when said building is deliv-
ered :" Held, To be a conditional acceptance, and that no recov-
ery could be had against the acceptor upon the instrument until
the house has been finished according to the contract, whatever
it might be, and delivered.

3. The declaration upon a conditional acceptance must allege a per-
formance of the condition.

4. An allegation of a delivery of a house and that the acceptor has
been in possession, is not a sufficient allegation of performance
of the conditions that the house has been "finished according to
contract and delivered," upon which a draft is payable. The al-
legation that the plaintiff, the payee, gave the acceptor notice
that he held himself ready to complete the house according to con-
tract or to pay her a reasonable sum for his failure if she would

point out to him the deficiencies or omissions, and that she refused to do so, and that she refused to permit him to enter the house for the purpose of completing it according to contract, is not a sufficient averment of performance of the conditions named in the acceptance, whether considered alone or in connection with above allegation of delivery to and possession by the acceptor.

5. If, in any case of a non-performance by a drawer of the conditions named by the acceptor in the acceptance, the payee has a right of action against the acceptor who refuses to permit him to perform the conditions, which the drawer was under contract to perform, such right of action is not upon the acceptance, but is one of special action on the case for damages occasioned by the acceptor's refusal and prevention of performance by the payee.

6. Where there is both a demurrer and a replication to a plea, it is a matter of discretion with the Circuit Court as to which issue shall be first disposed of. Assuming that such discretion can ever be controlled, it cannot be done when there is no showing of an abuse of the discretion.

7. Where an exception has been taken upon the trial to the refusal of the Circuit Judge to give certain instructions to the jury, and the instructions so refused have been then and there written out and endorsed as refused and the exception noted and signed by the Judge, and the paper filed, it constitutes of itself a special bill of exceptions as to such instructions, and when it has been incorporated in this shape into the general bill of exceptions, and such general bill has been subsequently struck from the record by an order of the appellate court, because it was not settled in the time allowed, the special bill is not affected by such order and will be considered as if such order had not been made.

8. Where there is no bill of exceptions showing that any exception was taken to an instruction given to the jury or to the exclusion or admission of evidence, the ruling of the court upon such instruction or testimony cannot be reviewed on appeal.

9. Where there has been a refusal to give certain instructions to the jury, and the testimony upon which they were based is not incorporated in the bill of exceptions, it will be assumed that there was no error in refusing to give them, and they will not be considered on appeal.

10. Where there is one good count in a declaration and a plea thereto

Rebecca L. Myrick v. Alexander Merritt—Statement of Case.

and issue joined thereon, and there is no bill of exceptions showing the evidence adduced on the trial, the 'appellate court will presume that the evidence was sufficient to sustain the verdict rendered in favor of the plaintiff.

Appeal from the Circuit Court for Jackson county.

This is an action of assumpsit brought by the appellee against the appellant.

On July 9th, 1883, the following order or request for the payment of money was drawn on the appellant:

"MARIANNA, FLA., July 9, 1883.

"Mrs. R. L. Myrick: Please pay to A. Merritt five hundred and seventy dollars, balance due on house we are now building for you.

"HENDRIX & JONES."

The appellant accepted it as follows:

"I accept the above when the house is finished according to contract and delivered. To pay said sum by the first of January, 1885, interest to commence when said building is delivered.

"R. L. MYRICK."

The first count of the declaration alleges the drawing of the order " for balance due on the house," said Hendrix & Jones were at said time building for defendant, and the acceptance by her; and that on or about the first day of September, 1883, the house was finished according to contract and delivered to defendant, upon which day interest began to run, and that defendant, though she has frequently promised to pay, neglects, &c., to do so.

The second count is the same as the first, except that after alleging the contract and the acceptance of the order, and the delivery of the house, (but not a finishing according to contract,) on or about the first day of September,

22

1883, it also alleges that it has been in the possession and occupancy of defendant by herself and tenants from said date, and that although said first day of January, A. D. 1885, has long since passed, defendant has neglected to pay said sums with interest, claiming that said house has not been completed and delivered according to contract; and further alleging that on said 1st of September, the plaintiff gave defendant notice that he held himself ready to complete said house according to contract or to pay her a reasonable sum for his failure if she would point out to him the deficiencies or omissions, and that defendant refused to do so, and refused to permit plaintiff to enter said house for the purpose of completing it according to contract, whereby she became liable to pay, &c.

The third count is one of indebtedness by defendant to the plaintiff in the sum of $570 for goods bargained, sold and delivered, and work done and materials furnished for the same to Hendrix & Jones for defendant, at her request; and 4th, in the same sum for money paid by plaintiff for defendant, at defendant's request; and 5th, in the same sum for money found to be due plaintiff from defendant upon account stated.

1st. Plea. To the 3d, 4th and 5th or common counts the defendant pleaded, never indebted.

2d. Plea. To the *first count* she pleads, saying it is untrue the house, on or about September 1, 1883, was finished according to contract, and delivered to her, and alleges that Hendrix & Jones never did finish said house according to contract, and deliver it to defendant.

3d Plea. To the *second count* she pleads, untrue that on or about September 1, 1883, the house was delivered, and that it has been in her possession and occupancy by herself and tenants from said date, and avering that Hendrix &

Jones never finished the house according to the contract and delivered it to defendant.

4th Plea. To *said second count* she also pleads, that she never entered into any contract with plaintiff to finish the house, or to build the house which Hendrix & Jones contracted to build and construct, finish and deliver to her complete.

5th Plea. The next or *fifth plea* is not limited to any part of the declaration, and is consequently taken as a plea to the whole declaration. It is " that Hendrix & Jones, in not finishing and delivering said house to her (defendant) within the time they contracted to finish and deliver the same, greatly injured her, to the extent of three hundred dollars, of all which plaintiff had notice and this she is ready to verify."

The plaintiff joined issue on the first plea, which is to the common counts, and on the second plea, which is to the first count, and also demurred to the said second and to the other pleas.

Afterwards the plaintiff amended his declaration as follows: " For that whereas also the defendant, on the 9th day of July, 1883, was indebted to a certain firm called Hendrix & Jones in the sum of $570 for labor performed and material furnished upon and for the construction of a certain dwelling house in Marianna, Jackson county, Florida, and said Hendrix & Jones then and there by the consent of defendant transferred and assigned said indebtedness due them by defendant to plaintiff, of which the defendant had notice, and then and there promised to pay the amount of said indebtedness to plaintiff on request, which defendant has neglected to do," &c.

The demurrer as to the second plea was overruled, but as to the 3d, 4th and 5th pleas it was sustained by an order

of the court made March 28, 1885, and the defendant was allowed to file new pleas.

The defendant then pleaded *on May 4th, 1885*, to the *amended count* of the declaration, that the allegations contained in it are untrue, and pleaded over to the *second count* of the declaration two pleas as follows:

1st. That it is untrue that on or about the first day of September the house was delivered to her, or that she has been in possession and occupancy of said house by herself and tenants from said date.

2d. That the house has never been completed and delivered to her according to contract, and that it is untrue that plaintiff on or about the first day of September, 1883, notified defendant that he held himself ready to complete said house according to contract, or to pay this defendant a reasonable sum for his failure to complete the same if this defendant would point out to him the deficiencies or omissions by said Hendrix & Jones to complete, finish and deliver said house they were building when said order was given.

To these pleas the plaintiff demurred and the demurrer was sustained by an order of May 23, 1885.

Afterward, pursuant to leave of the court, the defendant on May 26th filed a plea which is known as the *long plea*, and which according to subsequent action is to be taken as only to the second count of the declaration, and also pleaded to the *amended count* that " on the 9th day of July, 1883, she was not indebted to a certain firm called Hendrix & Jones in the sum of $570 for labor performed and materials used upon and for the construction of a certain dwelling house in Marianna."

To the *long plea* the plaintiff demurred on May 28, and on the fourth day of June he joined issue on said last two pleas.

Upon a trial before a jury there was verdict and judg-

ment for the plaintiff. The other facts are stated in the opinion of the court.

*John W. Malone* for Appellant.

*Liddon & Carter* for Appellee.

MR. JUSTICE RANEY delivered the opinion of the court:

I. A demurrer to a plea reaches back to any essential defect in the declaration, or the count thereof, to which the plea has been tendered. Johnson vs. P. & P. R. Co., 16 Fla., 623 ; Wade vs. Doyle, 17 Fla., 522 ; Price vs. Drew, 18 Fla., 670 ; Stokes vs. Barrs, Ibid, 656. The defect in the plea in Russ vs. Mitchell, 11 Fla., 80, was one of mere form.

II. Before passing upon the sufficiency of the second count in the declaration, which the appellant contends is defective in substance, it is necessary to consider the nature of the instrument she is sued upon. Hendrix & Jones drew on July 9, 1883, a request or order upon her to pay the appellee "five hundred and seventy dollars, balance due on the house we are now building for you." Her acceptance, whether drawn by lawyer or layman, is very guardedly constructed and is in the following language : " I accept the above when the house is finished according to contract and delivered. To pay said sum by the first of January, 1885, interest to commence when said building is delivered," and is signed by her.

It is a conditional acceptance, and no liability was to arise upon it until the house should be finished according to the contract, whatever it may be, and delivered. The purpose of that second sentence of the acceptance was to fix both the time of payment and the time when interest should

begin to run. The first sentence shows when her liability to the appellee upon the instrument was to arise. It is " when the house is finished according to the contract and delivered." Not until it has been both " finished according to the contract," and also " delivered," can a recovery be had against her on her acceptance. We cannot change its terms ; its meaning is plain. The burden is upon the plaintiff to show that the conditions have been performed, and until he does this he cannot recover. Daniel on Neg. Ins., §508 ; Leggett vs. Weed, 7 Kan., 273 ; Owen vs. Lane, 14 Ark., 389 ; Crowell vs. Plant, 53 Mo., 145 ; 50 Mo., 425.

The second count of the declaration does not allege that the house was finished according to the contract, and it is consequently fatally defective. Such an acceptance, though absolute in effect after there has been a performance of the conditions, should be set out as conditional with an averment of performance. Daniel on Neg. Ins , §508. An allegation of the delivery of the house and that the defendant has been in possession is not tantamount to an averment of the completion called for by the terms of the acceptance. The allegation that the plaintiff gave defendant notice that he held himself ready to complete the house according to contract, or to pay her a reasonable sum for his failure if she would point out to him the deficiencies or omissions, and that she refused to do so, and also refused to permit plaintiff to enter the house for the purpose of completing it according to contract, are likewise, if taken either with or independent of the preceding averment of the defendant's claim that the house has not been completed according to contract and delivered, not equivalent to an allegation of performance. We have not been shown nor, though our efforts have been diligent, have we been able to find any authority to the effect that the appellee can by virtue of his

rights as holder of this acceptance and without the consent of the appellant put himself in the place of the contractors, Hendrix & Jones, and complete the contract. The assumption in argument, or in the pleadings of any such right and an offer to complete the house, is an admission that the condition embodied in the acceptance has not been performed, and that there is no right of action upon such paper. If he has such right of substitution and there has been an offer by him to perform, and a refusal or prevention by her, then his right of action is one for which a special action on the case for damages occasioned the plaintiff by her refusal and prevention of such performance by him, is the remedy. The action here is assumpsit and the second count is for the recovery of the amount of the acceptance with interest. In Newhall vs. Clark, 3 Cush., 376, it was held that the acceptance of an order for the payment of money out of the amount to be advanced to the drawer when the house he was then erecting on the drawee's land should be so far completed as to have the plastering done according to the contract between the parties, was not absolute but conditional, and the acceptor's liability thereon is dependent on the contingency of the work being completed to a certain stage.

"We do not mean," says Shaw, C. J., " to say that when a party has obtained such an order and acceptance, nothing short of an absolute performance of the contract on the part of the contractor and drawer will give the payee any remedy against the acceptor. The holder of such an order is a holder for value and has an interest in the contract and its execution as raising the fund to which he has a right to look for his pay. If, therefore, after the acceptance of such an order, the acceptor without justifiable cause should prohibit the drawer and contractor from proceeding to such a completion of the contract as will make the ac-

ceptance payable, or if he should collude with the drawer of the order, to put an end to the contract, when, but for such fraudulent interference, the drawer would be able and ready to go on and complete it, we are not prepared to say that the holder of the order would not have a remedy by a special action, setting out such wrongful act of the acceptor and the loss sustained by the holder by the means thereof. The sum thus to be recovered would not be the debt due by force of the contract, but damages for the wrongful act of the acceptor in preventing the completion of the contract by *means of which* the holder has sustained the loss of the debt. In such an action the burden of proof would be on the plaintiff to show that the prevention of the completion of the contract had been caused by the defendant to avoid the order, and any evidence on the part of the acceptor to show that the drawer had failed, or been unable to perform his contract by reason of death, sickness, insolvency or other inability, would be competent to rebut the charge upon which such action would be grounded." The Massachusetts court did not decide upon the liability of the acceptor in the above case, but sent the case back for a new trial. The case does not moreover involve the question of the right of the payee or holder of the acceptance to perform the work of the contractor who drew the draft or order.

We are of the the opinion that the second count of the declaration is not sufficient, and that the demurrer to the pleas plead to it, reaches it, and so hold. This makes it unnecessary to say anything as to any of the pleas to such count as they all fall with it.

III. Counsel for appellant contends that the Circuit Court should have disposed of the demurrer to the "long plea" filed May 26th, 1885, before submitting the case to the jury. This plea was demurred to by the plaintiff two

days after it was filed, and subsequently on the 4th day of June, he joined issue on the plea. The statute, sec. 34, chap. 1096, provides that where there is both a demurrer and plea to the same pleading, it shall be in the discretion of the court which issue shall be first disposed of. Wade vs. Doyle, 18 Fla., 631, 632. The plea was to the second count, and has been practically disposed of above. Assuming, however, that the discretion as to which issue, the one of law or that of fact, shall be first disposed of under the above section, can be controlled by the appellate court, there is nothing to show any abuse of discretion; and there would be no ground for a review of the discretion, if this was now a question material to the case before us. No application appears to have been made by appellant to have the issue of law disposed of first, nor do we see that he has any ground to complain that the issue which treated his plea as good in law was disposed of first. We are not satified that the plaintiff did not intend by subsequently joining issue and going to trial to waive his demurrer. There is nothing to show a contrary intent. Neither party appears to have asked for action on the demurrer before final final judgment, nor at all. There was no error in disposing of the issue of fact first.

IV. The third, fourth and fifth assignments of error relate to the exclusion and introduction of evidence. Their consideration here is dependent upon the general bill of exceptions. This having been struck from the record on motion of the appellee, they cannot be considered. There is no special bill of exceptions, made up and signed by the judge on the trial, covering them. The same reason excludes a consideration of the sixth assisgnment, covering an exception to the following charge of the judge :

" If you believe from the evidence that the plaintiff offered to complete the house according to the contract, and

that the defendant refused to let him do it, then plaintiff stands on his rights as if the house had been completed, and is entitled to recover *on the acceptance of defendant."*

V. When an exception has been taken upon the trial to the refusal of the judge to give instructions asked, and the instructions so refused have been then and there written out and endorsed by him as refused, and the exceptions noted and he signs it and it is filed, we think this paper constitutes of itself a special bill of exceptions as to such instructions; and though where it has been incorporated in this shape into the general bill of exceptions, and such general bill has been subsequently struck from the record by this court because it was not settled within the time allowed by an order made for that purpose, we do not think the order striking the general bill should be held to carry with it the special bill. Upon this theory it is contended that we can consider the refusal of the Circuit Judge to give the following charges asked by the defendant:

"2. Before the plaintiff can recover in this case you must be satisfied from the evidence that Hendrix & Jones, or the plaintiff, within a reasonable time after the acceptance of said draft, did finish the house Hendrix & Jones were building for defendant, according to the contract, and delivered it to defendant. What is a reasonable time in which said house should have been finished, you will determine from the evidence as to the house that was contracted to be built by Hendrix & Jones."

"3. If from the evidence you believe that neither Hendrix & Jones, nor A. Merritt, the plaintiff, did finish the house according to contract and deliver the same to defendant within a reasonable time after defendant's acceptance was made, the defendant had a right to refuse to let either Hendrix & Jones or plaintiff complete the house."

The alleged special bill of exceptions shows that the judge charged the jury at defendant's request as follows: "1. The draft is for balance due on house Hendrix & Jones were building for the defendant. The acceptance of the draft or order is conditional. It is to be paid when the house is finished according to contract and delivered to defendant."

Though not entirely satisfied that the paper covering the action as to these instructions is properly a special bill of exceptions, still without committing ourselves on this question of practice by our action now, we will consider it as such.

In so far as the first charge refused, which is numbered two, is concerned, we are unable in the absence of the testimony as to what the terms and effect of contract between Mrs. Myrick and Hendrix & Jones were, to say that the Circuit Judge erred. It may be that such contract specified the time, or that there was something in it or in the general character of the evidence, which made such a charge, in so far as the feature as to reasonable time is involved, wholly improper. The same observations apply to the other instruction which the judge refused. It may have been that the contract and the testimony rendered this charge wholly inapplicable to the case made before the jury. Blige vs. State, 20 Fla., 742; Bailey vs. Clark, 6 Fla., 516; Burk vs. Clark, 8 Fla., 91; Tompkins vs. Eason, 8 Fla., 14; Worthington vs. Mason, 101 U. S., 149.

VI. In the absence of all testimony from the record, and in view of the fact that there is one good count in the declaration—the first count—if not others, we are bound in pursuance of the practice of this court to affirm the judgment. The rule is that where there is one good count in the declaration and the record contains no bill of exceptions incorporating the evidence adduced on the trial, the legal

presumption is that it was sufficient to sustain the judgment under that count. The appellate court will presume that everything necessary to sustain the verdict was proved, unless the contrary affirmatively appears. Miller & Criglar vs. Kingsbury, 8 Fla., 356; Dorman vs. Bigelow, 1 Fla., 281, 297.

The judgment will therefore be affirmed with costs.