Henry Richardson v. The State of Florida.—Syllabus.

HENRY RICHARDSON, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The testimony used on a trial in a criminal cause in the Circuit Court must be authenticated by a bill of exceptions to authorize the Supreme Court to consider it on a writ of error. The written agreement of counsel will not authorize its consideration.

2. The mere recital in a motion for a new trial of a charge or charges to a jury, under the act of March 10th, 1883, (Chapter 3431 of the statutes,) regulating the practice in filing exceptions to charges, as have been erroneously given by a circuit judge, is not, where the motion is denied, evidence in the Supreme Court that any such charge was given.

3. The purpose of the act of March 10th, 1883, (Chapter 3431,) was simply to enlarge the time for excepting to the charges to a jury.

4. A charge to a jury cannot be made a part of the record of a cause except by a bill of exceptions. or by being signed, sealed and filed by the Circuit Judge, in accordance with the act of March 2nd, 1877, (sec. 368, p. 338 McClellan's Digest).

5. The practice as to excepting to charges and making them a part of the record reviewed.

Appeal from the Circuit Court for Columbia county.

The facts of the case are stated in the opinion of the court.

*A. J. Henry* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

RANEY, C. J. :

At a late term of Columbia Circuit Court the State attorney filed an information charging the plaintiff in error with the offense of having a weapon concealed about his person, under the act of February 12th, 1885, Chapter 3620 of the statutes, and upon a trial the jury rendered a verdict of guilty, whereupon the plaintiff in error moved for a new trial, and this having been overruled he was sentenced to pay a fine of fifty dollars and costs.

The grounds of the motion for a new trial, as they appear in such motion, were : That the verdict was contrary to the evidence, and to the weight of evidence; and that the court erred in charging the jury, "that having a pistol partly concealed, or with any part of it concealed by his clothes, is concealed in the meaning of the statute," and that the verdict is contrary to the law.

There is no bill of exceptions accompanying the record. The testimony is presented here under an agreement signed by the State Attorney of the judicial circuit of which Columbia county is a part, and by counsel for plaintiff in error. This testimony cannot be considered. Price vs. Sanchez, 8 Fla., 136; Robinson vs. L'Engle, 13 Fla., 482; Robinson vs. Matthews, 16

Fla., 319; City of Jacksonville vs. Lawson, *Ibid*, 321. To authorize us to consider it, it should have been incorporated into a bill of exceptions duly settled and authenticated by the judge, or, in case of his refusal, by three persons as contemplated by the statute. Secs. 1 and 2, pp. 454, 455, McClellan's Digest, Circuit Court Common Law Rule, 103; Cato vs. State, 9 Fla., 163; Broward vs. State, *Ibid*, 422; Potsdamer vs. State, 17 Fla., 895; Carter vs. State, 20 Fla., 754; Smith vs. State, *Ibid*, 839; Choate's Digest, pp. 37-46; Wurts' Digest, pp. 42-45.

For reasons of a similar nature we are precluded from considering the charge set out in the motion for a new trial, and complained of as being erroneous. There is before us no legal evidence that any such charge was ever given. Intervening the act of March 2nd, 1877, as to charging juries, (secs. 34, 35, 36, p. 338 McClellan's Digest,) and that of March 10th, 1883, as to excepting to such charges in motions for a new trial, Chapter 3431 of the statutes, p. 54 of the session laws of 1883, there were but two ways in which a charge given to a jury could be made a part of the record : First, by a bill of exceptions, general or special; and second, by the judge signing and sealing them, and filing them in the cause in accordance with the third section of the former act; (Southern Express Co. vs. VanMeter, 17 Fla., 783; Potsdamer vs. State, *Ibid*, 895;) and during this period a charge, whether given

or refused, could not be reviewed or considered by this court unless the giving of the same, or the refusal to give it, was duly excepted to in the Circuit Court before the jury retired, and the charge was also incorporated into a bill of exceptions duly made up and therein stated to have been given or refused by the judge to the jury, and the ruling to have been excepted to; or, unless the instruction or charge given was endorsed as being given or refused by the judge and excepted to, and all this was signed by the judge, and the whole filed in the cause. Potsdamer vs. State, *supra;* Southern Express Co. vs. VanMeter, *supra;* Sherman vs. State, 17 Fla., 888; Stewart vs. Mills, 18 Fla., 57; Jones vs. State, *Ibid,* 889; Myrick vs. Merritt, 22 Fla., 335. This latter proceeding constitutes of itself a special bill of exceptions, and a charge thus shown to have been given and excepted to, or offered and refused, and the refusal excepted to, became as much the subject of review in the appellate court as if the same appeared in the more ordinary form of a bill of exceptions, duly settled after the trial, keeping in mind of course the rule as to the necessity for a presentation of the evidence to which the charge was applicable. Myrick vs. Merritt, *supra;* Keitt vs. Spencer, 19 Fla., 748. Of course if a judge refuses to consider instructions which are offered, and the refusal is duly excepted to, and this is attested in the manner last indicated, the charge and refusal may be considered here. Keitt vs. Spencer, *supra.*

The question remaining to be considered is that of

the effect of the act of 1883, referred to above, upon the practice as it stood at the time of the approval of such act. Its title is: An act regulating the practice in filing exceptions to the charges of the judges of the Circuit Courts to juries in causes civil and criminal in this State; and it provides (sec. 1) that either party to a civil cause in the Circuit Court may at any time after the jury retires, and before verdict rendered, except to any portion of the charge delivered by the judge, and the judge may, if he deems the exception well taken, recall the jury and make any alteration of, or addition to, the charge as he may deem proper; and (sec. 2) that it shall be lawful for either party in any civil cause, and for the defendant in any criminal cause, in such court after verdict rendered, "to embody in a motion for a new trial any portion of the charge of the judge which may be deemed erroneous, which shall be taken as an exception to said charge, and if such motion for a new trial, upon the hearing shall be refused, such refusal, together with the subject matter of the charge contained in such motion, may be made the subject of review by the Supreme Court." We have already held at this term in a case (Parrish vs. P. & A. R. R. Co.) differing from this point only in that some of the charges set out in the motion for a new trial did appear in the bill of exceptions, whereas others did not, that the only purpose of the second section of this act was to relax the former rule which required exceptions to charges to juries to be taken at the time they were given, or before the

jury retired; (Godwin v. Bryan, 16 Fla., 396; Reed vs. State, Ibid, 564;) and to permit the parties to a civil case, and the accused in a criminal case, to defer excepting until moving for a new trial, and secure to an exception made in such a motion the same benefit of review as if it had been made according to the old practice before the jury retired. We are upon further consideration entirely satisfied with this conclusion, and that it was not the purpose of the second section, nor of any part of the act, to constitute a motion for a new trial a substitute for or equivalent of a bill of exceptions, or to make it record or other evidence of anything that has previously occurred on the trial as to charging the jury, or a substitute for or the equivalent of the provisions of the act of 1877 for making the charges given or refused a part of the record, without which, or other provisions changing the common law, such charges could not become a part of the record of the cause, or be considered by an appellate court, except through the instrumentality of a bill of exceptions, general or special.

A motion for a new trial is, from its nature, not intended as evidence of previous action by the court. It is a proceeding taken by a party to a cause, and after verdict, and its purpose is to secure a new trial on account of alleged errors, which it assumes to designate, that may have occurred on the trial or in the proceedings *in pais*, as contradistinguished from proceedings evidenced by the record proper, the errors in which are reached by motions in arrest of judgment;

(Sedgwick vs. Dawkins, 18 Fla., 335; Murray vs. State, 9 Fla., 246;) of which matters *in pais* no record is ever made except by a bill of exceptions at the instance of a party wishing to have them reviewed, or by specific statutory provision, as in the case of the act of 1877, *supra*, as to charges to a jury. The court, or judge, neither superintends, directs, nor controls the preparation of a motion for a new trial. Broward vs. State, *supra*, and for the reason that it is not intended as a memorial or record of the court's doings, but he does, and it is his duty to, see that the bill of exceptions speaks the truth, and nothing more or less, as to what it pretends to represent, and to make it do so, and to authenticate it as doing so, and for the reason that it is the only legal evidence or record of the proceedings in a common law case not evidenced by the record proper, *i. e.* the *praecipe*, process, pleadings, the judgment, and the ordinary record entries.

Statements in motions for new trials have never been regarded by this court as evidence or proof of the truth of the facts asserted therein either expressly or by implication, when the motion has been overruled. In such cases the presumption of appellate courts, in the absence of affirmative evidence in the record supporting the statement, is that the motion was overruled by the lower court because the statements were not true; and this as well as to charging juries as to other matters. Broward vs. State, *supra*; Boswell vs.

State, 20 Fla., 869; McNealy vs. State, 17 Fla., 198; Livingston vs. L'Engle, 22 Fla., 427; Stearns vs. Jaudon, 27 Fla., 469, 8 South. Rep., 640.

There is nothing in the statute under consideration that was intended or has the effect to change the purpose of a motion for a new trial, further than has been considered above, or to abrogate the rule established by these decisions; in fact, the case of Boswell vs. State was subsequent to the act, and it cannot be assumed that its provisions were not considered by the court, or that the decision was made without reference to them. The judges deciding it had considered the statute at the previous term in Carter vs. State, 20 Fla., 754. The provision that if the motion for a new trial shall be refused, "such refusal, together with the subject matter of the charge contained in such motion, may be made the subject of review by the Supreme Court," does not create any new mode of making a record of the act giving the charge, but only that a charge which is properly shown by the record to have been given to the jury may be reviewed on an exception not taken to it till after verdict, and on motion for a new trial. Nothing in the act indicates that any change of the manner of making the record of the trial of the cause, except so far as was necessarily to result from the change as to the time of excepting, was in the mind of the lawmakers.

It is true no objection is made to our considering

this charge, but this fact does not release us from the duty of refusing to consider what is not lawfully before us for review.

The presumption, in the absence of the charge from the record, is that there was no error in charging the jury. Boswell vs. State, *supra*.

The judgment is affirmed.