## WILLIAM H. CARSON v. JOHN KERR.

SPECIAL FINDINGS—*Preponderance of Evidence—Practice.* Where an action has been tried by a court without the intervention of a jury, and the court makes special findings, and such findings seem to be sustained by a preponderance, though not by all the evidence, a reviewing court will not order that the findings be set aside, nor that a new trial be granted.

### *Error from Leavenworth District Court.*

CARSON sued *Kerr* to recover $3,760.80, of which the sum of $2,316 were alleged to be due plaintiff on a certain check drawn by one T. J. Weed on the banking house of Scott, Kerr & Co., of which firm defendant was a member; and the sum of $1,444.80 was alleged to be for money had and received by defendant for plaintiff's use. The case was tried by the court, without a jury, and the findings and judgment were in favor of the defendant. The plaintiff brings the case here on error.

The decision here is upon questions of practice; and from the views expressed in the opinion it is not deemed necessary or profitable to insert the briefs of counsel upon the supposed merits of the case—(plaintiff's brief covering sixteen printed pages, and defendant's brief covering twenty printed pages)—as no proposition discussed by either party, except the one whether or not the findings of fact were sustained by the evidence, is considered or decided by the court.

*Thacher & Banks*, for plaintiff in error.

*Clough & Wheat*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J. : In this case the plaintiff in error seems to entirely ignore the findings of the court below, and to almost entirely ignore all the evidence introduced on the trial except such as was in his favor. It seems to be presumed by him, in the face of the findings of the court below, and in the face of the evidence, that every fact necessary to constitute a good cause of action is proven. The plaintiff has filed a printed argument in the case, and from a perusal of that argument, no one could discover that the court below made any findings adverse to to the plaintiff, or indeed any findings at all; and one could scarcely discover that any evidence had been introduced at the trial except evidence that was favorable to the plaintiff. The plaintiff argues one case ; the record presents another, and a different case. The plaintiff states one set of facts ; the record presents another ; and many of the facts presented by the record are right the reverse of the facts stated by the plaintiff. Doubtless the plaintiff argued a case such as he desired his to be; but

unfortunately it was not the one brought to this court; and unfortunately his argument throws no light upon the case actually presented to this court for judicial consideration. We shall not attempt to consider the case discussed by counsel for plaintiff, but shall consider the one presented by the record.

The assignments of error are vague and indefinite in their manner of presenting the case, and throw but little light on the real questions really involved in the case. They are as follows:

" The said William H. Carson avers that there is error in said record and proceedings in this, to-wit: 1st, Irregularity in the proceedings of the court; 2d, Misconduct of the prevailing party; 3d, Surprise which ordinary prudence could not guard against; 4th, Excessive damages; 5th, Error in the assessment of the amount of recovery; 6th, The decision is not sustained by sufficient evidence, and is contrary to law; 7th, Error of law occurring at the trial and excepted to."

The case was tried in the ordinary way, by the court, without a jury, and the only exceptions to the rulings of the court below were to its refusal to make certain findings in favor of the plaintiff; to its making certain findings in favor of the defendant; to its overruling the plaintiff's motion for a new trial; to its refusal to render judgment in favor of the plaintiff, and to its rendering judgment in favor of the defendant. The judgment was rendered in favor of the defendant for costs only, and there was no evidence used on the hearing of the motion for a new trial. Then where was the " irregularity " in the proceedings of the court below? Where was the " misconduct of the prevailing party?" Where was the " surprise which ordinary prudence could not guard against? ' Where was the evidence to prove said misconduct and surprise? Where were the " *excessive damages?*" Where was the error in the " assessment of the *amount* of recov-

ery?" Certainly none of these assignments of error are of any importance in this case.

Is the decision of the court below sustained by suffi- cient evidence, and is it legal? There is nothing that we are aware of that would render the judgment or the find- ings illegal if the findings are sustained by sufficient evi- dence. Upon some of the principal points in the case the evidence was conflicting; but we are unable to say that any finding of the court is not sustained by sufficient evidence and by a preponderance of the evidence. The evidence shows, or at least tends to show, and the court substantially finds, as follows : Carson took a contract to furnish hay (1,370 tons) to the government, at Olathe and Paola; Weed and Samuel Saunders became partners with Carson; Weed was to have one-half the profits, Carson and Saunders each one-fourth; Weed furnished the money, ($13,300,) to carry on the business; Carson and Saunders attended to it. The hay was delivered, and vouchers issued to Carson therefor, to the amount of $28,896. The partners then settled. The vouchers were turned over to Weed at five per cent. less than their face, and Weed drew bills of exchange, commonly called drafts, on Scott, Kerr & Co., in favor of Carson and Saunders respectively, for the amounts found to be due to Carson and Saunders. The amount of Carson's draft was $2,316. The vouchers were then put into the hands of Scott, Kerr & Co., for collection, and as collateral security for money advanced to Weed. Scott, Kerr & Co. sent the vouchers to Washington for collection, and col- lected between $23,000 and $24,000 on them. Over $5,000 still remains unpaid, but Scott, Kerr & Co. are still attempting to collect them in the court of claims. Weed's draft to Carson, was never accepted or paid by Scott, Kerr & Co., except that John Kerr, the defendant,

a member of the firm of Scott, Kerr & Co., made a conditional acceptance of the draft, which condition has never yet been fulfilled. The condition was that he would pay that draft, along with others of Weed's drafts, when said vouchers were ordered to be paid by the goverment, *provided Carson assisted in making certain proof.* The latter part of said condition was probably fulfilled, but the first part has never yet been fulfilled. Carson pledged said draft to E. H. Gruber & Co. as collateral security on a promissory note of Carson's to E. H. Gruber & Co.; and E. H. Gruber & Co. assigned and transferred said note, with the collateral security, to Scott, Kerr & Co., for the benefit of Weed, and Weed is still the holder thereof.

Is there anything in all this that would make John Kerr liable for anything to William H. Carson? Kerr was certainly not liable for anything prior to his conditional acceptance of said draft; and he will certainly not be liable on that acceptance, or for anything that occurred subsequent thereto, until said vouchers shall be ordered paid in full by the government, or, at most, until less than the amount of said draft remains unpaid on said vouchers. He will certainly not be legally bound to appropriated any portion of what Scott, Kerr & Co. receive on said vouchers to the payment of said draft until something of the last $2,316 is received on said vouchers. Kerr is not sued on his conditional acceptance of said draft, and hence we need not pursue this subject any further. He is sued on a supposed original liability connected with said hay transaction before said draft was drawn. This case has been prosecuted, from the filing of the petition, down to the present time, as though Kerr was a partner in the hay transaction, and as though Weed was only his agent, and therefore that Kerr, and

not Weed, was liable to Carson for Carson's share of the profits. The court below has however found differently, and, as we are inclined to think, upon the preponderance, though not all of the evidence; and therefore, we shall not disturb the findings of the court below.

We have discovered no " error of law occurring at the trial and excepted to," sufficient to authorize a reversal of the judgment, and none has been pointed out to us. The judgment of the court below must be affirmed.

KINGMAN, C. J., concurring.

BREWER, J., not sitting in the case.